IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN C. TIPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-160-J |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 29th day of September, 2020, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and granting Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., as of February 2, 2017, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (<u>citing</u> <u>Cotter v. Harris</u>, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]  The Administrative Law Judge ("ALJ") found Plaintiff to be disabled under the Social Security Act beginning on February 2, 2017. (R. 36). Plaintiff, however, argues that the ALJ erred in not also finding him to be disabled before that date. Plaintiff raises a number of arguments, primarily that the ALJ failed to account for all of his work restrictions in formulating his residual functional capacity ("RFC"). The Court finds no merit to these contentions and instead finds that substantial evidence supports the ALJ's findings regarding Plaintiff's RFC and her ultimate determination that Plaintiff was not disabled prior to February 2, 2017.

Plaintiff is essentially asking the Court to adopt his own analysis as to how the ALJ should have analyzed the relevant evidence. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. <u>See</u> <u>Monsour Med. Ctr. v. Heckler</u>, 806 F.2d 1185, 1190-91 (3d Cir. 1986); <u>Berry</u>, 738 F. Supp. at 944 (<u>citing</u> <u>Cotter</u>, 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." <u>Malloy v. Comm'r of Soc. Sec.</u>, 306 Fed. Appx. 761, 764 (3d Cir. 2009). All of Plaintiff's arguments ultimately call on the Court to reweigh the evidence. The Court declines to do so and finds, instead, that the ALJ's findings are supported by substantial evidence.

For instance, Plaintiff argues that the ALJ erred in failing to include his need for a cane in the RFC. However, while the record certainly contains some evidence that Plaintiff needs (or at least uses) a cane, including the statements from consultative examiner Scott Recker, M.D. (R. 918-30), there is also evidence that he does not medically require a cane, including the fact that one has never been prescribed for him. The ALJ acknowledged and weighed all of this evidence; the Court cannot disturb her determination without reweighing the evidence. Similarly, Plaintiff argues that the record contains evidence contrary to the ALJ's findings as to his subjective testimony. However, as a general matter, when an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference. <u>See</u> <u>Horodenski v. Comm'r of Soc. Sec.</u>, 215 Fed. Appx. 183, 189-90 (3d Cir. 2007); <u>Reefer v. Barnhart</u>, 326 F.3d 376, 380 (3d Cir. 2003). Here, the Court finds that there was sufficient evidence to support the ALJ's findings regarding the veracity of Plaintiff's subjective complaints. Again, merely because Plaintiff has a different interpretation of the record does not warrant a remand.

Plaintiff also argues that the ALJ's consideration of his obesity was insufficient. However, the Court notes that the ALJ did expressly consider Plaintiff's obesity, finding that Plaintiff did not have any specific complaints related to his weight. Therefore, she

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and that Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch  
United States District Judge

ecf:       Counsel of record

---

considered Plaintiff's obesity in relation to his musculoskeletal, respiratory, and cardiovascular body systems. (R. 28). Indeed, she specifically explained how she factored Plaintiff's weight in determining the RFC. (R. 32). However, even if the ALJ had not expressly considered the issue, Plaintiff offers no suggestion as to what functional limitations should have been included in his RFC to account for his obesity that are not already there. As such, he offers no more than the type of generalized speculation that his weight could have had an impact rejected by the Third Circuit Court of Appeals in Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005). Therefore, the Court finds that remand is not warranted on this issue.

The ALJ thoroughly discussed the objective medical evidence, Plaintiff's course of treatment, and his activities of daily living in determining Plaintiff's RFC both before and after February 2, 2017. All of this constitutes substantial evidence in support of the ALJ's findings, especially in light of the United States Supreme Court's recent reminder that the threshold for meeting the substantial evidence standard "is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). This is particularly true in a case like this where the ALJ ultimately did find that Plaintiff's conditions escalated to the level of disability.

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.